UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ADERO WELLS,

Petitioner,

v.

HENNEPIN COUNTY COURTS,

Respondent.

Civil No. 00-2532 (JRT/SRN)

ORDER

On November 15, 2000, Petitioner filed a petition for writ of habeas corpus claiming that he is being unlawfully incarcerated by the State of Minnesota. It appears on the face of the petition, however, that this action may not have been commenced within the time limits prescribed by 28 U.S.C. § 2244(d). Therefore, the merits of the petition will not be addressed unless Petitioner is able to demonstrate that his petition is not time-barred.

Petitioner will be ordered to show good cause, if any exists, why the instant petition should not be summarily dismissed pursuant to § 2244(d). Petitioner's response to this Order should include a complete chronology of the legal proceedings that followed his conviction, so the Court can properly determine when the statute of limitations began to run and when the statute may have been tolled pursuant to 28 U.S.C. § 2244(d)(2). Petitioner's response to this Order must include an affidavit that identifies all of the various state post-conviction proceedings that he has commenced, and indicates the dates when each such proceeding was commenced and completed at the trial court level and at the various appellate court levels, (if applicable).

FILED NOV 22 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

The Court further notes that Petitioner's habeas claims apparently have never been addressed on the merits by any Minnesota state appellate court, and that Petitioner apparently is now procedurally barred from obtaining state appellate court review of such claims. It therefore appears that Petitioner's claims have been procedurally defaulted, and that, even if his petition is not time-barred, he still will not be entitled to federal habeas review without showing "cause and prejudice" or proof of his actual innocence. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice"); see also Kennedy v. Delo; 959 F.2d 112, 115 (8th Cir.) ("petitioner must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims"), cert. denied, 506 U.S. 857 (1992); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1734 (1999) (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims). Thus, Petitioner's response to this Order must also show cause why this action should not be summarily dismissed on the grounds of procedural default.

Petitioner must file his response to this Order by no later than December 15, 2000, failing which it will be recommended that his habeas corpus petition be dismissed with prejudice. If Petitioner does file a timely response, the parties shall thereafter await

the further order of the Court.

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

(1) On or before December 15, 2000, Petitioner shall submit a written memorandum and affidavit showing cause why his petition should not be summarily dismissed on the grounds that it is time-barred under 28 U.S.C. § 2244(d) and/or on the grounds of procedural default.

(2) If Petitioner does not file the written response required by this Order within the time allowed, it will be recommended that the petition be summarily dismissed with prejudice.

(3) If Petitioner does file a timely response to this Order, the parties shall thereafter await the further order of the Court.

Dated: November 22, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge