UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ADERO WELLS,

Petitioner,

v.

HENNEPIN COUNTY COURTS,

Respondent.

Civil No. 00-2532 23 (JRT/SRN)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On June 11, 1997, Plaintiff pleaded guilty to a charge of first degree manslaughter. He was sentenced to 81 months in prison, and he is currently serving his sentence at the Scott County Annex in Jordan, Minnesota.

---

[1] The applicable language in Rule 4 provides as follows:

> "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JAN - 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Based on Petitioner's submissions,[2] it appears that he made no effort to challenge the validity of his guilty plea, his conviction, or his sentence until sometime in 1999. During that year, he wrote one or more letters to the judge who sentenced him. At some point during 1999, he apparently filed a motion seeking post-conviction relief under Minn.Stat. § 590.01. According to the petition, he attempted to file an appeal in his post-conviction case, but the Court of Appeals rejected his appeal because he "waited to [sic] long to file into their courts." (Petition, [Docket No. 1], p. (3).)

Petitioner's present application for federal habeas corpus relief, which was filed on November 15, 2000, lists two grounds for relief: (1) "ineffectiveness of counsel," and (2) "breaching of contract," (by which Petitioner presumably means that there was some alleged breach of the terms of his plea bargain agreement). (Petition, p. (5), ¶ 12.) Neither of these claims will be addressed on the merits, however, because the Court finds that the petition was not filed within the time limit prescribed by 28 U.S.C. § 2244(d). Instead, it will be recommended that the petition be summarily dismissed with prejudice, because it is time-barred.

---

[2] Petitioner's habeas corpus petition, (Docket No. 1), does not fully explain the history of his state court proceedings. Therefore, by order dated November 22, 2000, (Docket No. 2), the Court directed Petitioner to supplement his petition with a complete chronology of the legal proceedings that followed his conviction. In response to that order, Petitioner filed a four-page handwritten memorandum, accompanied by copies of various documents pertaining to his state criminal case. (Docket No. 4.) The Court's understanding of the procedural history of Petitioner's case is based on both the original petition and the documents submitted with his more recent memorandum.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any indication that Petitioner's claims are based on any newly-recognized constitutional right

or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction was entered on June 11, 1997. Because he did not take a direct appeal, the judgment of conviction became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction was September 9, 1997 -- 90 days after the conviction was entered. It follows that, pursuant to § 2244(d)(1)(A), the statute of limitations began to run in this case on September 9, 1997, and the limitation period for seeking federal habeas corpus relief expired one year later on September 9, 1998. Petitioner did not file his current petition, however, until November 15, 2000 -- more than three years after the statute of limitations began to run, and more than two years after the limitations period had expired.

The Court has not overlooked the tolling clause set forth in 28 U.S.C. § 2244(d)(2). That subsection of the statute provides that the running of the statute of limitations is tolled during the time when a "properly filed application for State post-conviction" relief is pending in the state courts. The tolling clause cannot save the instant petition, however, because the statute of limitations had already expired well before Petitioner initiated any

state post-conviction proceedings. The statute expired (as discussed above) on September 9, 1998, and Petitioner did not seek post-conviction relief until sometime in 1999.[3] While the filing of Petitioner's post-conviction motion may have, in some sense, tolled the statute of limitations, any such tolling was meaningless, because the statute had already expired before the post-conviction motion was filed. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 121 S.Ct. 481 (2000).

Because it plainly appears that Petitioner's present habeas corpus petition is time-barred pursuant to 28 U.S.C. § 2244(d), the Court recommends that this action be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is now statutorily ineligible for federal habeas corpus relief, it is further recommended that the action be dismissed with prejudice.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

---

[3] The present record does not disclose the exact date when Petitioner filed his post-conviction motion with the trial court. However, it appears from Petitioner's submissions that he did not have any post-judgment contact with the trial court until January 1999, at the earliest. Even if his "INFORMAL LETTER" or "Memorandum In Support Of Modification Of Restitution," (both bearing the date of January 4, 1999), could be construed as a "properly filed application for State post-conviction or other collateral review," (which would require an exceptionally liberal construction of both the facts and the law), Petitioner's post-conviction proceedings still were not initiated before the limitations period expired in September 1998.

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: January 9, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.